IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF HAWAII

| | |
|---|---|
| CHAD BARRY BARNES,<br><br>　　　　Appellant,<br><br>　vs.<br><br>DANE S. FIELD, TRUSTEE,<br><br>　　　　Appellee. | CIVIL 19-00043 LEK-KJM |

**ORDER DISMISSING APPEAL**

The instant case is Appellant Chad Barry Barnes's ("Barnes") appeal from the bankruptcy court's December 6, 2018 Memorandum of Decision on Remanded Issues ("Remand Decision"). [Notice of Transmittal to District Court, filed 12/14/18 (dkt. no. 1), at Notice of Appeal and Statement of Election.] On January 24, 2019, this Court issued an entering order informing the parties that it was inclined to dismiss the appeal as procedurally improper ("1/24/19 EO"). [Dkt. no. 2.] The 1/24/19 EO: 1) noted the Remand Decision was filed in response to an order filed in Barnes v. Field, CV 16-00230 LEK-KSC ("CV 16-230");[1] 2) stated that, to the extent Barnes wishes to

---

[1] The Order Vacating March 14, 2017 and June 26, 2017 Orders and Remanding the Case to the Bankruptcy Court to Consider Issues on Remand from the Ninth Circuit, which this Court filed on July 3, 2018, will be referred to as the "CV 16-230 Order." [CV 16-230, dkt. no. 49.]

challenge the bankruptcy court's rulings in the Remand Decision, he should do so through further proceedings in CV 16-230; and 3) ordered that any objections to the inclination be filed by January 31, 2019.

On January 31, 2019, Barnes filed his "Notice of Objection" to the 1/24/19 EO ("Objection"). [Dkt. no. 3.] No other objections were filed. Barnes argues that: 1) in the Remand Decision, the bankruptcy court exceed the scope of what the CV 16-230 Order directed it to do; and 2) the bankruptcy court's extraneous rulings are detrimental to Barnes. According to Barnes, because the issues addressed in the extraneous rulings are not among the issues before this Court in CV 16-230, Barnes will have no opportunity to challenge the extraneous rulings without a separate appeal from the Remand Decision.

Barnes's Objection is misplaced. In the CV 16-230 proceedings, Barnes will be able to: 1) contest the bankruptcy court's rulings on the issues which were remanded in the CV 16-230 Order; and 2) present any other arguments why the bankruptcy court erred in the Remand Decision, including the argument that the bankruptcy court exceed the authority granted in the CV 16-230 Order. If this Court ultimately concludes that the bankruptcy court exceeded its authority, this Court will vacate those portions of the Remand Decision. Therefore, Barnes's Objection is DENIED, and the instant appeal is HEREBY

DISMISSED as procedurally improper.  The Clerk's Office is DIRECTED to close this case immediately.

IT IS SO ORDERED.

DATED AT HONOLULU, HAWAI`I, February 4, 2019.



/s/ Leslie E. Kobayashi
Leslie E. Kobayashi
United States District Judge